**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **DAVID MICHAEL SHEID,** § | |
| Petitioner, § | |
| § | |
| VS. § | Civil Action No. 4:06-CV-241-A |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus brought by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner David Michael Sheid, TDCJ #606736, is currently in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

While on parole for drug-related convictions in Cause Nos. 9355 out of Parker County and 10954 out of Palo Pinto County, Texas, Sheid was indicted on February 20, 2003, for manufacturing a controlled substance in Cause No.15239 in the 43rd Judicial District Court of Parker County. (State Habeas R. at 30; Resp't Motion to Dismiss, Exhibit A.)  On July 20, 2004, pursuant to a plea agreement, Sheid pled guilty to the offense, and the state trial court assessed his punishment at 25 years' imprisonment. (*Id.* at 34-35.)  An express term of the plea agreement, and as ordered in the state trial court's judgment, Sheid's 25-year sentence would run concurrently with his federal conviction and sentence in Cause No. 4:03-CR-336-A, imposed on July 9, 2004, in this court. (*Id.*) The judgment in his federal case expressly states that Sheid's 180-month federal sentence shall run *consecutively* to any other sentence that may be imposed for revocation of his parole in Cause Nos. 09355 and 10954.  (Resp't Motion to Dismiss, Exhibit B.)  Sheid did not directly appeal his state conviction or sentence.

Sheid filed a state application for writ of habeas corpus on August 25, 2005, alleging, as he does in this petition, that his plea was unlawfully induced or involuntarily entered because he pled guilty with the understanding from his attorney, the state prosecutor, and the state trial court that his state and federal sentences would run concurrently and because he was under the impression that he would serve his sentences in federal custody. (Petition at 1; Pet'r Reply Brief at 3; State Habeas R. at 8.)  Sheid does not wish to withdraw his guilty plea, then or now, and, instead, seeks specific performance of the plea bargain agreement.  The Texas Court of Criminal Appeals dismissed the application with written order on March 29, 2006, on the grounds that it could not grant the relief requested. *Ex parte Sheid*, Application No. WR-63,130-01, at 2 (order).  Sheid also filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence to no avail.  This petition

2

was filed on April 5, 2006. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when petition is delivered to prison authorities for mailing).

### D. STATUTE OF LIMITATIONS

Quarterman has filed a motion to dismiss Sheid's petition on limitations grounds. (Resp't Motion to Dismiss 5-8.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Sheid argues that he is entitled to statutory tolling under subsection (B) and/or equitable tolling because he was denied any access to the courts from the date of his conviction on July 20,

3

2004, until January 6, 2005, when he was delivered to a TDCJ transfer facility. (Pet'r Memorandum at 5-7; Pet'r Reply at 9.)  He asserts that during this 5 1/2-month period he was housed in three different county jails, none of which had a law library; thus, establishing a state created impediment to his filing a federal petition. (*Id.*)  He contends that the "clock" should start on January 6, 2005, when the impediment was removed. (*Id.*)  Sheid does not, however, produce any evidence indicating that he was diligently attempting to obtain legal materials to file or to determine how to file a federal habeas petition during that period. *See Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Johnson v. Waller*, 152 Fed. Appx. 403, 404 (5th Cir. 2005) (not designated for publication).  Thus, he cannot invoke subsection (B).

Sheid also asserts that the factual predicate of his claim was not discoverable until April 8, 2005, implicating subsection (D).  According to Sheid, he became suspicious that his state and federal sentences were not being served concurrently on April 8, 2005, when he received a copy of a March 7, 2005 letter from TDCJ to the United States Marshall indicating that Sheid would be wanted by the United States Marshall upon release from TDCJ and that TDCJ would notify the United States Marshall prior to that time so federal authorities could take custody of Sheid. (Pet'r Reply at 15; Pet'r Reply, Exhibit A.)  With due diligence, however, Sheid could have discovered before, during, or shortly after the state plea proceeding that his state and federal sentences were not being served concurrently. The federal judgment specifically provided that Sheid's federal sentence was to run consecutively to any other sentence that may be imposed upon revocation of Sheid's parole in Cause Nos. 09355 and 10954, and he was not transferred to a federal correctional institution. The fact that the state court ordered the state sentence to run concurrently with Sheid's federal sentence does not change the consecutive nature of the federal sentence. Federal authorities

4

are not bound by sentencing orders from state courts. *See Leal v. Tombone*, 341 F.3d 427, 429 n.13 (5th Cir. 2003); *Pierce v. Fleming*, 150 Fed. Appx. 344, 345 (5th Cir. 2005) (not designated for publication in the Federal Reporter), *cert. denied*, 126 S. Ct. 2018 (2006). Thus, Sheid cannot invoke subsection (D).

Instead, the statutory provision set forth in subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgment of conviction in Cause No. 15239 became final by the expiration of the time for seeking direct review. Sheid pled guilty and was sentenced in open court on July 20, 2004. Because Sheid did not appeal the state court's judgment, the state court conviction and sentence became final on August 19, 2004, 30 days after the date of the state court's judgment. *See* TEX. R. APP. P. 26.2(a)(1).[1] Sheid had one year thereafter, or until August 19, 2005, within which to file a timely federal habeas corpus action. His state habeas application filed on August 25, 2005, after the limitations period had already expired, did not operate to toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Sheid is not entitled to statutory tolling under § 2244(d)(2), and his federal petition filed on April 4, 2006, is untimely unless his case warrants equitable tolling. (Pet'r Reply at 6.)

Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from

---

[1] Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure provides that a notice of appeal must be filed within 30 days after the day sentence is imposed in open court.

asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Sheid argues that he is entitled to equitable tolling of the limitations period because he was denied access to the courts from the date of his conviction on July 20, 2004, until January 6, 2005, when he was delivered to a TDCJ transfer facility. (Pet'r Reply at 9.) As previously noted, he asserts that during that time he was housed in three different county jails, none of which had a law library; thus, establishing a state created impediment to his filing a petition. This argument is unpersuasive because the impediment was removed on January 6, 2005, more than seven months before expiration of the limitation period.

Sheid argues that he is entitled to equitable tolling during the time he could have filed a motion for rehearing the state court's order denying habeas relief. (Pet'r Reply at 12-13.) *See Emerson v. Johnson*, 243 F.3d 931, 934-35 (5th Cir. 2001). This argument fails because (1) Sheid did not file such a motion for rehearing in the state habeas proceeding, and (2) state law expressly forbids filing a motion for rehearing an order that denies habeas relief. *See Lookingbill v. Cockrell*, 293 F.3d 256, 261-63 (5th Cir. 2002); TEX. R. APP. P. 79.2(d).

Sheid argues that he is entitled to equitable tolling for the delay between the date he presented his state habeas application to prison authorities for mailing on August 17, 2005, and the date the application was file-stamped by the state trial court. (Pet'r Reply at 13-14.) He also argues that he is entitled to equitable tolling for the delay from the date that the state court dismissed his state habeas application on March 29, 2006, and the date he received written notice in the mail on

6

April 3, 2006. These arguments are frivolous. First, the prison mailbox rule does not apply to the filing date of a state habeas application. *Coleman v. Johnson* 184 F.3d 398, 402 (5th Cir. 1999). Second, the state's delay of five days in transmitting the notice of the court's action on Sheid's state habeas application was not sufficiently rare and exceptional such that equitable tolling is justified. *See, e.g., Phillips*, 216 F.3d at 511 (holding that a four-month delay is exceptional); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (concluding that a delay of several months is exceptional); *Richardson v. Dretke*, 85 Fed. Appx. 394, 395 (5th Cir.) (not designated for publication in the Federal Reporter), *cert. denied*, 543 U.S. 901 (2004).

Finally, Sheid argues that he is entitled to equitable tolling because he was actively misled by the state and the state trial court into thinking that his state and federal sentences were running concurrently until April 8, 2005, when he received a copy of the March 7, 2005 letter from TDCJ to the United States Marshall. For the reasons stated above, this argument is unpersuasive. With due diligence Sheid could have discovered the basis for his claim sooner. Equity is not intended for those who sleep on their rights. *Fisher*, 174 F.3d at 715.

Sheid's federal petition was due on or before August 19, 2005. Thus, his petition filed on April 5, 2006, is untimely.

## II. RECOMMENDATION

Quarterman's motion to dismiss should be GRANTED and Sheid's petition for writ of habeas corpus DISMISSED with prejudice as time- barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

7

written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 29, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 29, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 8, 2006.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE